UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN S. LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SACRAMENTO,<br><br>    Defendant. | No. 2:17-cv-00118-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE** |

    Plaintiff Ivan S. Lee sues the City of Sacramento ("City") for several violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940. Second Am. Compl. ("SAC"), ECF No. 22. The City now moves for a more definite statement or, alternatively, to strike several allegations in the SAC. ECF No. 23. Plaintiff opposes. ECF No. 26. For reasons explained below, the Court denies Defendant's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 25, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

1

## I. BACKGROUND

Lee filed his original complaint and first amended complaint pro se in Sacramento County Superior Court. ECF No. 1, Notice of Removal, at 2. The City removed the case to this Court, after which Lee retained counsel. See generally id. The City then moved to dismiss Lee's FAC. ECF No. 8. This Court granted the City's motion with leave to amend. ECF No. 18. Lee filed a timely SAC, alleging race discrimination violations under Title VII (claim one) and FEHA (claim two), failure to prevent discrimination (claim three), and retaliation (claim four). SAC at 4-7. Now before the Court is the City's motion to strike or, alternatively, motion for a more definite statement. ECF No. 23.

## II. OPINION

### A. Rule 12(f)

The City moves to strike paragraphs 6, 7, and 8 of the SAC, arguing that these allegations say nothing about Lee having timely exhausted his administrative rights. See Mot. at 2-4. Rule 12(f) allows a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A 'redundant' matter is comprised 'of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied.'" Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC, No. 1:14-cv-01445-JLT, 2015 WL 4496349, at *1 (E.D. Cal. July 23, 2015) (citation omitted). "An immaterial matter 'has no essential or important relationship to the claim for relief or the defenses being pleaded,' while an '[i]mpertinent matter

consists of statements that do not pertain, and are not necessary, to the issues in question.'" Id. (citations omitted).

Yet, here, in moving to strike paragraphs 6-8, the City cites not one of Rule 12(f)'s textual bases. Instead, the City contends merely that this Court should strike paragraph 6 because Lee "did not file the required claim within 180 days of the allegedly discriminatory bid process"; should strike paragraph 7 because it "is silent as to when [Lee] was assigned unpopular tasks"; and should strike paragraph 8 because Lee took too long to file his complaint with the Department of Fair Employment and Housing ("DFEH"). See Mot. at 3-4. Lee disagrees, arguing he timely exhausted his administrative remedies and that, at the very least, paragraphs 6-8 provide the Court relevant background information. See Opp'n at 2-3.

The City's motion to strike is not well taken. A Rule 12(f) motion's purpose "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Bakersfield Pipe & Supply, Inc., 2015 WL 4496349 at *1 (citation omitted). Yet, here, paragraphs 6-8 do not raise "spurious issues" because Lee has, in fact, timely exhausted his administrative remedies. Lee filed his first administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on February 12, 2010, Notice of Removal at 27-29 (attached as Ex. 1), and this was constructively filed with the DFEH. Fresquez v. Cty. of Stanislaus, No. 1:13-cv-1897-AWI-SAB, 2014 WL 1922560, at *7 (E.D. Cal. May 14, 2014) ("The California DFEH and the EEOC have

a work share agreement whereby charges filed with either the EEOC or the DFEH are deemed 'constructively filed' with the other.") (citing 29 C.F.R. § 1626.10(c)). In his first EEOC complaint, Lee cited the same discriminatory acts the City wants this Court to strike from the SAC. See Ex. 1 (citing July 2009 bid process; completing tasks other non-black employees need not complete; September 16, 2009 emergency task; and noting that the latest discriminatory act occurred 10 days before he filed the charge). Because this EEOC complaint triggered the constructive filing of Lee's DFEH complaint, Lee had a claim pending in a state agency and, so, had 300 days to file this EEOC complaint. See Parks v. Bd. of Trs. of Cal. State Univ., No. 1:09-cv-1314 AWI GSA, 2010 WL 455394, at *4 (E.D. Cal. Feb. 3, 2010) (explaining plaintiff must "file a complaint with the EEOC within 180 days of the discriminatory act, or 300 days if a claim is pending in a state agency"). Lee's first EEOC complaint was timely.

Lee also filed a second EEOC complaint on June 13, 2011. See Ex. 1. He cited his 2010 EEOC complaint and listed more discriminatory acts that occurred through April 28, 2011. Id. The EEOC issued a right-to-sue letter on February 25, 2016. See Notice of Removal, at 34-35 (attached as Ex. 3). Lee timely filed his original pro se complaint on May 24, 2016, see Notice of Removal at 4-7 (attached as Ex. 1), satisfying the Ninth Circuit's 90-day rule, see Stiefel v. Bechtel Corp., 624 F.3d 1240, 1245 (9th Cir. 2010) (a plaintiff generally has 90 days to file suit after receiving a right-to-sue letter).

In sum, because paragraphs 6-8 lack allegations involving

4

"redundant, immaterial, impertinent, or scandalous matter," the Court denies the City's motion to strike these paragraphs. If courts "read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

    B.   Rule 12(e)

The City also asks this Court to order Lee to provide a more definite statement to specify "how his work was scrutinized, how he was punished, 'discriminated against,' when these events occurred, and whether he filed a timely claim with either the EEOC or the DFEH." Mot. at 4-5.

This too is without merit. Rule 8(a)'s notice pleading standard applies to Title VII suits. An employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination under the McDonnell-Douglas framework; instead, it "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002) (citing Rule 8(a)(2)). Because Swierkiewicz is still good law after Twombly and Iqbal, see Cormier v. All Am. Asphalt, 458 F. App'x 620 (9th Cir. 2011), a Title VII complaint "easily satisfies" Rule 8(a)'s requirements when "it gives respondent fair notice of the basis for petitioner's claims." Swierkiewicz, 534 U.S. at 508.

This is precisely what Lee has done here. As to his race discrimination claims, Lee alleges the City demoted him because of his race. See SAC ¶¶ 15, 19. Lee details the events leading to his demotion and provides relevant dates. See SAC ¶¶ 6-8, 15-16, 19-20. These allegations are neither bare nor conclusory and, assumed true, more than plausibly suggest Lee is entitled to relief.

As to his retaliation claim, Lee alleges sufficient non-conclusory facts to plausibly suggest an entitlement to relief because his SAC alleges everything needed to establish a prima facie case of retaliation. Lee engaged in protected activity in 2010 and 2011 when he filed his discrimination charges with the DFEH and EEOC. After filing his first EEOC complaint, the City demoted him, see SAC ¶ 13 (demoted on April 7, 2011); after filing his second EEOC complaint, the City "stacked infractions" against him "to cover its anger against [Lee] for filing [administrative claims]", see SAC ¶¶ 26-27. This suffices to state a retaliation claim. See Burch v. Dep't of Motor Vehicles, No. CIV. S-13-1283 LKK/DAD, 2013 WL 6844493, at *6 (E.D. Cal. Dec. 23, 2013) (prima facie case of retaliation: (1) involvement in protected activity; (2) employer committed adverse employment action; and (3) causal link between the two).

And, finally, as to Lee's failure-to-prevent-discrimination claim, because he has stated Title VII and FEHA discrimination claims, he has sufficiently stated a failure-to-prevent-discrimination claim. See Mock v. Cal. Dep't of Corrs. & Rehab., No. 1:15-cv-01104-MJS, 2015 WL 5604394 at *17 (E.D. Cal. Sept. 23, 2015).

Simply put, the City has fair notice of Lee's claims and the grounds upon which they rest. That is all Rule 8(a) requires. See Swierkiewicz, 534 U.S. at 515 (holding a complaint detailing events leading to adverse employment action and providing relevant dates easily satisfies Rule 8(a)'s pleading requirements).

## III. ORDER

For the reasons set forth above, the Court DENIES the City's Motion in its entirety. The City shall file its Answer to the SAC within twenty days of this Order.

IT IS SO ORDERED.

Dated: August 3, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE