UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN S. LEE,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SACRAMENTO,<br><br>        Defendant. | No. 2:17-cv-118-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on May 27, 2020, for hearing on defendant's motion to enforce a settlement agreement (ECF No. 54) and plaintiff's motion to set aside the settlement agreement pursuant to Federal Rule of Civil Procedure 60(b)(1) (ECF No. 57). Senior Deputy City Attorney Kathleen Rogan appeared on behalf of defendant; plaintiff appeared pro se. For the reasons explained below, it is recommended defendant's motion be granted and plaintiff's motion be denied.

I.    <u>Defendant's Motion to Enforce Settlement Agreement</u>

    A.    <u>Background</u>

Plaintiff Ivan Lee, proceeding without counsel, commenced this action against his former employer, defendant City of Sacramento, in the California Superior Court for the County of Sacramento. ECF No. 1 at 4-7. After defendant removed this action, plaintiff retained counsel

and filed a second amended complaint.[1]  ECF Nos. 10 & 22.  The second amended complaint alleges four causes of action: (1) racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and (2) California's Fair Employment and Housing Act, Cal. Gov't Code § 12940; (3) failure to prevent discrimination; and (4) retaliation.  ECF No. 22.  In February 2020, a pretrial order issued which, among other things, set a settlement conference and granted plaintiff's request to voluntarily dismiss all claims except for his cause of action for retaliation.  ECF No. 46 at 4.

A court-supervised settlement conference was held on March 5, 2020, at which the parties reached a verbal settlement agreement.  ECF Nos. 48 & 51.  The terms of the agreement were stated on the record (ECF No. 51), and the parties were ordered to file dispositional documents by no later than April 20, 2020 (ECF No. 49).  Following the settlement conference, defendant's attorney, Kathleen Rogan, emailed plaintiff's counsel, Chijioke Ikonte, a draft settlement agreement and inquired how plaintiff wanted the settlement check drawn.  Decl. of Kathleen Rogan (ECF No. 54-1) ¶ 9.  On March 12, 2020, after receiving no response, Ms. Rogan emailed Mr. Ikonte again and remined him that a check could not be requested until the written settlement agreement was completed.  *Id*. ¶ 10.  Two weeks later, Mr. Ikonte informed Ms. Rogan that plaintiff had not signed the settlement agreement, and that he wanted Mr. Ikonte to withdraw as counsel.  *Id*. ¶ 11.

On April 20, 2020, the date dispositional documents were to be filed, defendant filed the instant motion to enforce the settlement reached at the court-supervised settlement conference.  ECF No. 54.  Shortly thereafter, plaintiff filed a proposed substitution of attorney requesting his attorney withdraw as counsel[2] (ECF No. 55), as well as a motion to set aside the settlement agreement.  ECF No. 57.

/////

/////

---

[1] Plaintiff filed a first amended complaint prior to removal of this action.

[2] The proposed substitution was subsequently approved, leaving plaintiff to proceed pro se.  ECF No. 58.

2

1    B.    Legal Standard

2    Districts courts retain the inherent power to summarily enforce settlement agreements
3 entered into by the parties in cases pending before it. *In re City Quities Anaheim, Ltd.*, 22 F.3d
4 956, 957 (9th Cir. 1994). This authority applies to oral settlement agreements placed on the
5 record in open court. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136-40 (9th Cir. 2002). The
6 party seeking enforcement bears the burden of demonstrating that the parties entered into an
7 enforceable agreement. *In re Andreyev*, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004).

8    "Assessing the validity of a settlement agreement . . . is a question of state contract law."
9 *Golden v. California Emergency Physicians Medical Group*, 782 F.3d 1083, 1087 (9th Cir.
10 2015); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990) ("The construction and
11 enforcement of settlement agreements are governed by principles of local law which apply to
12 interpretation of contracts generally."). Under California law, a valid contract requires parties
13 capable of contracting, consent, a lawful object, and consideration. Cal. Civ. Code § 1550.

14   C.    Discussion

15   As recited on the record by the court and the parties, a settlement agreement resolving
16 plaintiff's remaining claim was reached during the court-supervised settlement conference held
17 on March 5, 2020. The terms of the parties' agreement were stated on the record and each party
18 and their counsel confirmed their understanding of the agreement. Specifically, plaintiff agreed
19 to settle his claim against defendant in exchange for $8,750. ECF No. 51 at 2-3. Plaintiff's
20 counsel also confirmed on the record that the parties would "file the dismissal after receipt of the
21 check." *Id*. at 3. The court then concluded the settlement conference by stating, "Mr. Lee,
22 you've been well represented in this matter and I think this is a settlement that fairly and
23 adequately resolves the case." *Id*. 4. In response, plaintiff stated, "Thank you. Thank you." *Id*.

24   The foregoing establishes that the parties entered into a binding settlement agreement.
25 Plaintiff breached that agreement by failing to provide defendant with the requisite information
26 needed to transfer to him the agreed upon amount. ECF No. 54-1 ¶¶ 10, 12. Furthermore, at the
27 May 27 hearing, plaintiff conceded that the parties reached an agreement to settle his claim
28 against defendant, but argued that the agreement should not be enforced. According to plaintiff,

3

1  he would not have agreed to the settlement had he been adequately represented by his attorney.
2  Contrary to plaintiff's assertion, the court observed at the settlement conference that he had been
3  well represented. Regardless, as discussed further below in the context of plaintiff's motion, any
4  alleged deficiencies in counsel's representation of plaintiff does not provide a basis for finding
5  the settlement agreement unenforceable. Accordingly, the parties' settlement agreement must be
6  enforced.

7  II.     Plaintiff's Motion to Set Aside Settlement Agreement

8         Plaintiff moves to set aside the settlement agreement pursuant to Federal Rule of Civil
9  Procedure 60(b)(1). ECF No. 57. The crux of plaintiff's motion is that the settlement agreement
10 should not be enforced because the representation provided by his former counsel was deficient.
11 He claims that Mr. Ikonte did not adequately discuss settling the case in advance of the settlement
12 conference. He also contends that Mr. Ikonte did not adequately represent his interest at the
13 settlement conference, nor explain to plaintiff the settlement process taking place at the settlement
14 conference. ECF No. 57 at 4. He also claims that Mr. Ikonte waited until the settlement
15 conference to inform plaintiff, for the first time, he could be liable for defendant's attorney's fees
16 should he lose at trial. *Id*. at 4. Plaintiff further argues that at the conference, he "was confused
17 and stressed about how [his] attorney was presenting [the] case and what he was telling
18 [plaintiff]. Finally, under duress and confusion [he] agreed to settle for $8,750." *Id*. at 5.

19        Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the
20 court may relieve a party . . . from a final judgment, order, or proceeding[3] for . . . mistake,
21 inadvertence, surprise, or excusable neglect." But assertions of attorney negligence or mistakes is
22 not grounds for setting aside the settlement. Thus, even accepting as true plaintiff's allegations as
23 to his attorney, "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a
24 party later comes to regret . . . ." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101
25 (9th Cir. 2006). Rather, parties are "bound by and accountable for the deliberate actions of

---

[3] Neither party addresses whether Rule 60(b) is an appropriate vehicle for plaintiff to challenge the validity of the settlement agreement prior to entry of judgment. But even assuming, for purposes of the pending motion, that a court-supervised settlement conference is a "proceeding" under Rule 60, plaintiff still fails to demonstrate he is entitled to the relief sought.

4

themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct." *Id.*; *see also Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *Engleson v. Burlington Northern R. Co*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (internal quotation and citation omitted). Furthermore, a misunderstanding of the legal consequences of agreeing to a settlement agreement is not a basis for setting aside an accepted settlement. *See id.* (rejecting argument that Rule 68 judgment should be vacated because plaintiff did not "did not possess sufficient understanding to have ever validly accepted the offer.").

Liberally construed, plaintiff's motion simply argues that his attorney did not adequately represent him at the settlement conference, communicate with him at the conference, or discuss issues surrounding settlement prior to the conference. Thus, he claims that absent his attorney's negligence (or possibly intentional) conduct, he would not have agreed to settlement. Even if these contentions were true, they do not provide a basis for granting the requested relief. *See Engleson v. Burlington Northern R. Co*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).").

III.  Attorney's Fees

Lastly, defendant requests it be awarded $1,296.25 for the reasonable expenses it incurred in bringing its motion to enforce the settlement agreement. ECF No. 54 at 6. Defendant, however, has not demonstrated that awarding fees is appropriate. The settlement agreement reached by the parties, as recited on the record, does not provide for the recovery of attorney's fees (*see* ECF No. 51), and defendant has not presented any authority to support its request. Accordingly, the request for fees must be denied. Should defendant believe it is entitled to fees, it shall file a properly-supported motion in compliance with the court's local rules. *See* E.D. Cal. L.R. 230, 293.

5

III.   <u>Conclusion</u>

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to enforce the settlement agreement (ECF No. 54) be granted;

2. Plaintiff's motion to set aside the settlement agreement (ECF No. 57) be denied;

3. Defendant be directed to pay plaintiff $8,750 within 14 days of an order adopting these findings and recommendations;

4. Defendant's request for attorney's fees be denied without prejudice to filing a properly-supported motion for attorneys' fees; and

5. This action be dismissed with prejudice pursuant to the terms of the parties' settlement agreement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE