1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    IVAN S. LEE,                          No.  2:17-cv-118-JAM-EFB

12              Plaintiff,

13         v.                               FINDINGS AND RECOMMENDATIONS

14    CITY OF SACRAMENTO,

15              Defendant.

16

17         The case was before the court on September 16, 2020, for hearing on defendant's motion

18    for sanctions.  ECF No. 68.  Deputy City Attorney Kathleen Rogan appeared on behalf of

19    defendant; attorney George Jones appeared on behalf of plaintiff.  For the reasons stated below,

20    defendant's motion should be denied.

21    I.    Background

22         Plaintiff, proceeding without counsel, originally filed this employment discrimination

23    action against his former employer, defendant City of Sacramento, in the California Superior

24    Court for the County of Sacramento.  ECF No. 1 at 4 7.  After defendant removed this action,

25    plaintiff retained counsel and filed a second amended complaint.   ECF Nos. 10 & 22.  The

26    second amended complaint alleged four causes of action: (1) racial discrimination in violation of

27    Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and (2) California's Fair Employment and

28    Housing Act, Cal. Gov't Code § 12940; (3) failure to prevent discrimination; and (4) retaliation.

1

1    ECF No. 22.  In February 2020, the court granted plaintiff's request to voluntarily dismiss all

2    claims except for his cause of action for retaliation.  ECF No. 46 at 4.

3         A court-supervised settlement conference was held on March 5, 2020, at which the parties

4    reached a verbal settlement agreement.  ECF Nos. 48 & 51.  However, following the settlement

5    conference plaintiff refused to sign a formal settlement agreement.  He also fired his counsel who

6    represented him at the settlement conference.  Plaintiff claimed that his attorney failed to

7    adequately represent him at the conference.  *See* ECF No. 65.  Defendant subsequently moved to

8    enforce the agreement that was reached at the court-supervised settlement conference.  ECF No.

9    54.  Defendant's motion also sought reimbursement for the attorney's fees defendant incurred in

10   bringing its motion to enforce the settlement agreement.  *Id*. at 6.  In response, plaintiff moved to

11   set aside the settlement agreement.  ECF No. 57.

12        On July 29, 2020, the court approved plaintiff's substitution of attorney, which substituted

13   attorney George Jones as the attorney of record in place of plaintiff.  ECF No. 67.  Also on that

14   date, the undersigned recommended defendant's motion to enforce the settlement agreement be

15   granted, plaintiff's motion to set the agreement aside be denied, defendant be directed to pay

16   plaintiff  $8,750.00, and the action be dismissed pursuant to the terms of the parties' settlement

17   agreement.  ECF No. 66.  With respect to defendant's request for attorney's fees, it was

18   recommended that the request be denied due to defendant's failure to demonstrate that awarding

19   fees was appropriate.  More specifically, the findings and recommendations observed that the

20   parties' settlement agreement did not provide for the recovery of attorney's fees, and defendant

21   had not presented any authority in support of its request.  *Id*. at 5.  Consequently, it was

22   recommended that defendant's request for attorney's fees be denied without prejudice to filing a

23   properly-supported motion for attorney's fees.  *Id.* at 5-6.

24        Before the assigned district judge had an opportunity to rule on the findings and

25   recommendations[1], defendant filed the instant motion for sanctions, which seeks to recover the

26

27        [1]  The parties were granted fourteen days to file objections to the July 29, 2020 findings
     and recommendations.  ECF No. 66 at 6; *see* 28 U.S.C. § 636(b)(1)(C).  Defendant filed the
28   instant motion on August 11, 2020, before the objection period expired.

1   attorney's fees incurred in filing its motion to enforce the settlement agreement.  ECF No. 68.

2   Plaintiff filed an opposition to the motion (ECF No. 72), and defendant has filed a reply to

3   plaintiff's opposition (ECF No. 73).  The assigned district judge subsequently adopted the July

4   29, 2020 findings and recommendations in full and ordered the parties' settlement agreement be

5   enforced.  ECF No. 74.  Accordingly, defendant's motion for sanctions is the only remaining

6   matter that needs to be resolved in this action.

7          Defendant seeks sanctions against plaintiff in the amount of $1,574, which defendant

8   contends is the amount of attorney's fees it reasonably incurred in seeking enforcement of the

9   settlement agreement.  ECF No. 68.  Defendant argues that the requested sanction may be

10  imposed pursuant to the court's inherent power and 28 U.S.C. § 1927.

11  II.      Relevant Legal Standards

12         Districts courts retain the inherent power to summarily enforce settlement agreements

13  entered into by the parties in cases pending before it.  *In re City Equities Anaheim, Ltd.*, 22 F.3d

14  956, 957 (9th Cir. 1994).  This enforcement power includes the "authority to award damages for

15  failure to comply with the settlement agreement."  *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278

16  9th Cir. 1986).  Before a court may exercise its inherent power to shift fees, it "must make an

17  explicit finding that [the party's] conduct constituted or was tantamount to bad faith."  *Primus*

18  *Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quotations

19  omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991 ("[A] court may assess attorney's

20  fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

21  (quotations omitted)).  "[S]anctions should be reserved for the rare and exceptional case where

22  the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an

23  improper purpose."  *Id*. at 649 (quotations omitted).

24         "Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully

25  proliferates litigation proceedings once a case has commenced."  *Pacific Harbor Capital, Inc. v.*

26  *Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).  Sanctions under 1927 may be

27  imposed upon a pro se plaintiff.  *Wages v. I.R.S.*, 915 F.2d 1230, 1236 (9th Cir. 1990).  Like

28  sanctions imposed under the court's inherent power, sanctions pursuant to 28 U.S.C. § 1927

1    require a finding of bad faith. *Pacific Harbor*, 210 F.3d at 1118.  A party's bad faith is assessed

2    under a subjective standard, which is established by knowing, willful, or reckless conduct. *Id*.

3    A party facing sanctions "is entitled to procedural due process, including notice and an

4    opportunity to be heard." *Id*. (opportunity to brief issue satisfies due process requirements).

5    III.    Discussion

6          Defendant argues that the requested sanctions are appropriate under *Doi v. Halekulani*

7    *Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002).  In *Doi*, the U.S. Court of Appeals for the Ninth

8    Circuit evaluated whether the district court abused its discretion by imposing a $1,000 sanction

9    against the plaintiff based on her refusal to sign a written settlement agreement after the parties

10   reached a verbal agreement.  The court ultimately concluded that the plaintiff had not

11   demonstrated that the sanction was improper under the court's inherent authority, explaining:

12
> Doi raises but one objection to the sanction on appeal: she contends
13
> that "If the district court erred in ordering the enforcement of the oral
> 'settlement agreement', then there was no basis for the district court
14
> to impose a sanction upon Doi and the sanction order must be
> reversed accordingly." But as discussed above, the district court did
15
> not err in enforcing the settlement agreement. Because this is the only
> challenge brought against the sanction, and it is without merit, she
> has failed to show that the district court abused its discretion by
16
> imposing the sanction.

17   *Id*. at 1140.

18          As in *Doi*, plaintiff only raises one argument in opposition to imposition of sanctions—the

19   verbal settlement agreement is unenforceable because the record does not demonstrate that the

20   parties reached a binding agreement to settle plaintiff's claims.[2]  ECF No. 72.  And as detailed

21   above, the court has already rejected that argument and ordered the settlement agreement be

22   enforced.  ECF No. 74.  But *Doi* does not mandate the imposition of sanctions in this case.

23   Instead, the panel in *Doi* merely concluded that the plaintiff's sole argument against sanctions did

24   not show that the district court abused its discretion in imposing them. 276 F.3d at 1140.  The

25   /////

26

27          [2] Plaintiff's opposition to the instant motion was filed prior to the court's order adopting
     the July 29, 2020 findings and recommendations and granting defendant's motion to enforce the
28   settlement agreement.

4

1    question still remains whether the record in this case demonstrates that the plaintiff here acted in

2    bad faith. *Batarse*, 115 F.3d at 648; *Pacific Harbor*, 210 F.3d at 1118.

3    Here, plaintiff's conduct, while misguided, does not rise to the level of bad faith. Plaintiff

4    appears to genuinely believe that his former attorney failed to adequately represent him at the

5    settlement conference. While the undersigned, as the judge presiding over the settlement

6    conference has found to the contrary, plaintiff has consistently articulated his belief that his

7    former counsel failed to adequately include plaintiff in the settlement discussions. *See* ECF Nos.

8    57, 61. While this court found that plaintiff was well represented at the settlement conference, it

9    cannot say that plaintiff's subjective but ill-informed belief is the result of an improper motive.

10   Under these circumstances, the court does not find that plaintiff was acting in bad faith by

11   refusing to sign the formal settlement agreement and subsequently seeking to set aside the

12   agreement. *See Ortiz v. Alvarez*, 2018 WL 1603847 (E.D. Cal. Apr. 3, 2018) (recommending

13   sanctions not be imposed based on finding that plaintiff's "attempt to rescind the settlement

14   agreement appears to be based on a sincere belief that the settlement judge had unduly influenced

15   his decision to settle. He alerted the District Defendants to his change of mind promptly. He is

16   not well versed in the law and appears to have believed he could change his mind under these

17   circumstances. He attended court and appeared genuinely troubled by the circumstances.").

18   Accordingly, the requested sanctions are not warranted.

19   IV.    Conclusion

20   Accordingly, it is hereby RECOMMENDED that defendant's motion for sanctions (ECF

21   No. 68) be denied.

22   These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(l). Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties. Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

27   /////

28   /////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 19, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6